UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Esteban Sanchez Diaz,

        Defendant.

Criminal No. 11-78(5) (JNE/JSM)
Civil No. 13-542 (JNE)
ORDER

Esteban Sanchez Diaz pleaded guilty to conspiracy to distribute 50 grams or more of actual methamphetamine. The Court sentenced him to 125 months' imprisonment. Diaz did not appeal. Later, he filed a motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255 (Supp. V 2011). In his § 2255 motion, Diaz asserted three claims: (1) he did not knowingly and voluntarily plead guilty because of ineffective assistance of counsel; (2) his attorney was ineffective by failing to object to the decision not to appoint substitute counsel; and (3) his attorney failed to comply with Diaz's instruction to file a notice of appeal. On April 16, 2013, the Court rejected the first two claims and determined that the third required an evidentiary hearing. The Court scheduled the evidentiary hearing to take place on June 10, 2013. At the beginning of the hearing, Diaz informed the Court that he wished to withdraw his third claim and forgo the evidentiary hearing. After Diaz himself had confirmed that he did not want to pursue his third claim, the Court dismissed it.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Diaz has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Diaz's § 2255 motion [Docket No. 338 in Criminal No. 11-78(5)] is DENIED.
2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 10, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge